KENNETH E. KELLER (SBN 71450) kkeller@kkdrr.com
ANNE E. KEARNS (SBN: 183336) akearns@kksrr.com
KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
114 Sansome Street, Suite 400
San Francisco, California 94104-3839
Telephone:    (415) 249-8330
Facsimile:    (415) 249-8333

Attorneys for Plaintiff, LIFTED RESEARCH GROUP, INC.

*IT IS SO ORDERED*
*Judge James Ware*

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIFTED RESEARCH GROUP, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>HUSAM RADI a/k/a HOSAM RADI and FADI SULEIMAN, individually and jointly, d/b/a HIP HOP STAR, and DOES 1-10,<br><br>Defendants. | Case No. C 08-04496 JW<br><br>**STIPULATION FOR ENTRY OF CONSENT FINAL JUDGMENT AND CONSENT PERMANENT INJUNCTION** |

Plaintiff, Lifted Research Group, Inc. ("LRG"), by and through its undersigned counsel, and Defendants Husam Radi a/k/a Hosam Radi ("Radi") and Fadi Suleiman ("Suleiman"), individually and jointly, d/b/a Hip Hop Star (collectively the "Defendants"), hereby stipulate to the entry of the attached Consent Final Judgment and Consent Permanent Injunction.

///

///

///

1

1  WHEREFORE, LRG and Defendants respectfully request this Court sign and enter the
attached Consent Final Judgment and Consent Permanent Injunction.

Dated: April 30, 2009

KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP

By: _____
Anne E. Kearns
Attorneys for Plaintiff
Lifted Research Group, Inc.

Dated: April 9, 2009

By: _____
Husam Radi a/k/a Hosam Radi

Dated: April 9, 2009

By: _____
Fadi Suleiman

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIFTED RESEARCH GROUP, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>HUSAM RADI a/k/a HOSAM RADI and FADI SULEIMAN, individually and jointly, d/b/a HIP HOP STAR, and DOES 1-10,<br><br>Defendants. | Case No. C 08-04496 JW<br><br>**CONSENT PERMANENT INJUNCTION** |

Plaintiff, Lifted Research Group, Inc. ("LRG") and Defendants Husam Radi a/k/a Hosam Radi ("Radi") and Fadi Suleiman ("Suleiman"), individually and jointly, d/b/a Hip Hop Star (collectively the "Defendants"), stipulate and consent to the following:

WHEREAS, the Defendants allegedly adopted and began using marks in United States which allegedly infringe LRG's registered trademarks: LIFTED RESEARCH GROUP, L R G, ♣ and ♣ (collectively the "LRG Marks"), and the work protected by LRG's United States Copyright Registration No. VA-1-348-151 (the "LRG Copyright");

WHEREAS, the Defendants' alleged use of names and marks which incorporate one or more of the LRG Marks and/or LRG's Copyrighted work is likely to cause confusion as to source or origin; and

1

STIPULATED CONSENT PERMANENT INJUNCTION

WHEREAS, based upon LRG's good faith prior use of its Marks and Copyrighted work, LRG has superior and exclusive rights in and to the LRG Marks and the LRG Copyright in the United States and any confusingly similar names or marks.

IT IS ORDERED, ADJUDGED AND DECREED:

1. That Defendants, their agents, representatives, servants, employees, and all persons in active concert and participation therewith are hereby permanently restrained and enjoined, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell counterfeit and/or infringing goods bearing the LRG Marks and/or the work protected by the LRG Copyright, and any substantially similar marks or works; from using the LRG Marks and/or Copyright, or any marks or works substantially similar thereto, in connection with the sale of any unauthorized goods; from using any trademark, trade dress, trade name, logo, and/or layout which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with LRG; from falsely representing themselves as being connected with LRG, through sponsorship or association as defined in 15 U.S.C. § 1125(a), or engaging in any act as defined 15 U.S.C. § 1125(a) which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendants are in any way endorsed by, approved by, and/or associated with LRG; from using any reproduction, counterfeit, copy, or colorable imitation of the LRG Marks and/or the work protected by the LRG Copyright in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants, including, without limitation, clothing products; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent the Defendants' goods as being those of LRG, or in any way endorsed by LRG; from unfairly competing with LRG in accordance with 15 U.S.C. § 1125(a); from secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the LRG Marks and/or the LRG Copyright; and from effecting assignments

or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

2. Any party shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and other relief deemed proper in the event of a violation or failure to comply with any of the provisions hereof.

3. The cause between LRG and the Defendants is hereby dismissed with prejudice, subject to the terms of the Settlement Agreement between the parties.

4. The parties' respective attorney's fees and costs incurred in connection with this action shall be borne as per the agreement of the individual parties in their Settlement Agreement.

5. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Stipulated Consent Permanent Injunction and Settlement Agreement between the parties.

6. All allegedly counterfeit and infringing goods currently in the possession, custody or control of the Defendants shall be delivered to LRG's counsel and destroyed under the direction of LRG.

SO ORDERED this 6 day of May, 2009.

_____
JAMES WARE
United States District Judge

3

STIPULATED CONSENT PERMANENT INJUNCTION

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| LIFTED RESEARCH GROUP, INC., a California corporation, | ) ) ) | No. C 08-04496 JW |
| Plaintiff, | ) ) | **CONSENT FINAL JUDGMENT** |
| v. | ) ) | |
| HUSAM RADI a/k/a HOSAM RADI and FADI SULEIMAN, individually and jointly, d/b/a HIP HOP STAR, and DOES 1-10, | ) ) ) ) ) | |
| Defendants. | ) ) | |

WHEREAS, this action having been commenced by Plaintiff, Lifted Research Group, Inc. ("LRG") against Defendants Husam Radi a/k/a Hosam Radi ("Radi") and Fadi Suleiman ("Suleiman"), individually and jointly, d/b/a Hip Hop Star (collectively "Defendants") alleging *inter alia*, trademark counterfeiting and infringement, false designation of origin, and copyright infringement, and Plaintiff and Defendants having resolved the Plaintiff's claims to each of their satisfaction;

IT IS STIPULATED, ORDERED, ADJUDGED AND DECREED:

1. Judgment is entered in favor of Plaintiff and against Defendants on all Counts of the Complaint.

1

2. Plaintiff is hereby awarded damages in the sum of Fifty Thousand Dollars and Zero Cents ($50,000.00) against Defendants, jointly and severally, subject to the terms and conditions of the Confidential Settlement Agreement between Plaintiff and Defendants.

3. Plaintiff is authorized to record this Stipulated Judgment but shall not execute, attach, garnish and/or levy upon any real or personal property of Defendants, nor engage in any collection activities against Defendants to enforce the Stipulated Judgment, unless Defendants default on any monetary or installment portion of the Confidential Settlement Agreement between the Parties.

4. Due to the factual circumstances giving rise to the damage award set forth herein, the damage award in favor of Plaintiff is a non-dischargeable debt under Section 523(a)(6) of the United States Bankruptcy Code, Title 11 U.S.C. §101, et seq.

5. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Stipulated Consent Final Judgment and the Confidential Settlement Agreement between the parties. The Clerk shall close this file.

SO ORDERED this 6 day of May, 2009.

*[signature: James Ware]*
_____
JAMES WARE
United States District Judge